UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD R. WILLIAMS,

       Plaintiff,

vs.                        CASE NO. 3:04-cv-940-J-HTS

JO ANNE B. BARNHART,
Commissioner of
Social Security,

       Defendant.

_____

**O R D E R**[1]

This cause is before the Court on Plaintiff's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. §405(g) (Doc. #14; Motion), filed March 14, 2005. Defendant's response to the Motion was filed March 24, 2005. *See* Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. #15; Opposition).

The Motion requests that the case be remanded "pursuant to [s]entence [s]ix of 42 U.S.C. §405(g)" because "new and material evidence was submitted to the Appeals Council[.]" Motion at 1. Specifically, Plaintiff seeks to have the case remanded to an administrative law judge for consideration of a "Workers Compensation Report[.]" *Id.* at 5. Defendant argues Mr. Williams "cannot establish that th[e] evidence is material or good cause for

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #8).

his failure to submit the workers compensation award to the ALJ."
Opposition at 2.

Pursuant to sentence six of 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"   For a sentence six remand to be proper, it must be established "1.) that there is new, non-cumulative evidence; 2.) that the evidence is material−relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for the failure to submit the evidence at the administrative level."   *Greaux v. Apfel*, 137 F. Supp. 2d 1308, 1313 (M.D. Fla. 2001).

According to the Motion, the evidence at issue is "dated February 20, 2004[.]"   Motion at 2.   The hearing before the administrative law judge (ALJ) was held on January 16, 2004. Transcript of Administrative Proceedings at 260, 262.   However, the Decision was rendered on March 19, 2004, *id.* at 24, nearly a month after the workers compensation order was served on Plaintiff and his counsel in that matter.   *See id.* at 247, 254.   Plaintiff's non-attorney representative received the Decision on February 23, 2004. Affidavit of Gil Spruance, MS, CRC, CCM, CVE, CLCP, attached to the Motion (capitalization omitted).

Plaintiff has offered no explanation for his failure to submit the evidence in question to the ALJ prior to the issuance of the Decision, but states merely that it "did not exist at the time of the . . . hearing[.]" Motion at 5. "[G]ood cause may exist when the evidence did not exist 'at the time of the administrative *proceedings*,' not simply at the time of the administrative hearing." *Gilmore v. Apfel*, No. Civ.A. 98-1087-CB-S, 2000 WL 284207, at *5 (S.D. Ala. Feb. 23, 2000) (quoting *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986)). Because Plaintiff had the workers compensation order nearly a month prior to the Decision and has failed to offer any excuse for not providing the ALJ with it, remand pursuant to sentence six would be inappropriate.

In light of the foregoing, the Motion (Doc. #14) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2005.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

All counsel of record
    and *pro se* parties, if any